JOHN W. MERRIWETHER V. LEO HARDEMAN.

1. PARTNERSHIP — ACTION — CONTRIBUTION.— A partner who, in
   prosecuting the partnership enterprise, has advanced in excess of
   what was required of him by the terms of the partnership, cannot,
   in the absence of a contract authorizing it, maintain an action for
   contribution for the excess without going into a general settlement
   of partnership accounts, under proper averments in the pleading.  ·
2. CASE APPROVED.—Lockhart v. Lytle, 47 Tex., 453, approved.
3. MISTAKE—REOPENING ACCOUNTS.— A stated account will not be
   reopened for the correction of alleged error, unless it be specified so
   particularly that it may be judged by itself.
4. PARTNERS—REOPENING—SETTLEMENTS.—In reopening a settle-
   ment between partners, alleged to have been procured by the fraud
   or mistake of the managing partner trusted as such, equity will
   allow more latitude than where no confidence is reposed.
5. PARTNER'S CONTRIBUTION.—When, under a partnership contract,
   the proceeds of the enterprise constitute the primary fund from
   which a partner is to be reimbursed for excess in advances, and the
   partnership is, by consent, terminated before they are sufficient,
   the partner who has advanced in excess of the amount due from
   him may maintain his action for the excess.

APPEAL from Caldwell.   Tried below before the Hon. L.
W. Moore.

On the 25th of February, 1878, Hardeman, appellee, sued
Merriwether, appellant, on a parol statement of accounts for
a balance of $928.25, and for foreclosure of a mechanic's lien
claimed upon a mill site, mill, gin, and machinery.      ·

On the 29th of March, 1878, appellant answered by gen-
eral demurrer, alleging a partnership; impeached the state-
ment of accounts for fraud and mistake; prayed for a restate-
ment of accounts, and for damages.      .

On the 24th of September, 1878, appellant filed his first supplemental answer.

On the 30th of September, 1878, appellee filed his first supplemental petition, excepting specially to appellant's original and supplemental answer, and denying all the allegations therein.

The case was called for trial on September 30, 1878, when the court sustained appellant's general demurrer to the petition so far as appellee therein set up and sought a foreclosure of a mechanic's lien, but overruled it as to the rest of the petition. The court also sustained appellee's special exceptions to those parts of appellant's answer alleging fraud and mistake and claiming damages.

Appellee then, under leave of the court, filed a second supplemental petition, and a trial was had, resulting in a judgment in favor of appellee for the sum of $967.88 and a foreclosure of a lien upon the mill site, mill, gin, fixtures, &c., from which judgment this appeal is prosecuted. The partnership contract, amongst other things, stipulated that if either partner furnished more than his one-half he should be reimbursed out of the proceeds of the mill. A fuller statement of the pleadings will be found in the opinion.

*Stringfellow & McNeil,* for appellant. — The court should have sustained appellant's general demurrer and dismissed the cause. The petition does not set forth a full and clear statement of the cause of action without ambiguity or contradiction; nor does it state clearly the relief sought.

Appellee declares first upon a parol statement of accounts, and prays for a foreclosure of a mechanic's lien.

Appellant alleges a partnership. Appellee does not distinctly aver a partnership in any part of his pleadings, but, in his second supplemental petition, says that "by virtue of the contract and partnership, as heretofore alleged, he had a lien," &c. (Carter *v.* Wallace, 2 Tex., 209; Hollis *v.* Chapman, 36 Tex., 2; Whitlock *v.* Castro, 22 Tex., 113; Yale *v.*

Ward, 30 Tex., 22; Hanks *v.* Enloe, 33 Tex., 627; Malone *v.* Craig, 22 Tex., 610.)

Where one partner sues another and seeks to subject the partnership property to the payment of his debt, it is essential to his right of recovery that there be no partnership debts outstanding, and he should so allege.

There is no such allegation in appellee's petition. (Rogers *v.* Nichols, 20 Tex., 724; Converse *v.* McKee, 14 Tex., 30, 31; Story on Part., p. 97; Watson on Part., 2d ed., ch. 2, p. 66.)

Appellee's pleadings show affirmatively that he has no lien of any kind upon the mill, machinery, &c., mentioned in this petition, to secure the excess of expenditures made by him. Appellee is bound by the special stipulations in the articles of partnership. (Wasson *v.* Davis, 34 Tex., 167; Brown *v.* Christie, 35 Tex., 689; Story on Part., sec. 23.)

Appellee having accepted the proceeds of the mill as the primary fund out of which he should be reimbursed for his excess of expenditures, he should at least have alleged that there were no such proceeds, or have given some good reason why the proceeds, if any, had not been so applied. (Grimes *v.* Hagood, 19 Tex., 249.)

Appellee in this case not looking to the proceeds of the mill, the primary fund for the discharge of his debt, was only entitled to a personal action, if any, against the appellant. (Grimes *v.* Hagood, 27 Tex., 694.)

The court erred in sustaining appellee's exceptions to those portions of appellant's original and first supplemental answers wherein he sought to open up the alleged statement of accounts for fraud and mistake. (Hearne *v.* Ins. Co., 20 Wall., 490; Hunt *v.* Rousmanier, 8 Wheat., 174; Finley *v.* Lynn, 6 Cranch, 249; 1 Story's Eq. Jur., 9th ed., secs. 152, 156; 2 Pars. on Cont., pp. 767, 770, 773; 2 Story's Eq. Jur., secs. 694, 695, 1261, 1265; Story on Part., secs. 172, 174, 175, 177.)

A partner, as such, can have no lien upon the partnership property except for the ultimate balance found due him upon

a final settlement of all partnership matters, including the payment of partnership debts; and the court erred in restricting the jury to the consideration of the "settlement involving the cost of the mill site and of the construction of the mill, machinery, and of the labor used therein."

This suit is brought for the recovery of a sum alleged to have been found due appellee upon a parol statement of accounts, and the court, in that portion of the charge relating to interest, used this language: "You will find eight per cent. interest upon this sum from the date of settlement; you will also deduct from this sum," &c.; thus assuming that a settlement had been had and a sum found due to appellee. (Cobb v. Beall, 1 Tex., 346, 347; Crozier v. Kirker, 4 Tex., 252; Rogers v. Broadnax, 24 Tex., 543; Thomas v. Ingram, 20 Tex., 728.)

*Nix & Storey*, for appellee.

I. The sale by appellee with the knowledge and consent of appellant was a dissolution of the partnership. Appellee could no longer control and appropriate the proceeds of the mill and gin by which to repay the excess paid out by him for the benefit of the firm; and while we do not admit that his only remedy was the proceeds of the mill, or earnings of the mill, as appellant contends, yet if that were so, by the dissolution of the partnership appellee was remitted to the lien given him by law "for all moneys advanced by him for the use of the firm." (Story on Part., 3d ed., pp. 97, 145, 222, 307.)

"For upon such dissolution each partner has a lien upon the partnership effects, as well for his indemnity as for his proportion of the surplus." (Rogers v. Nichols, 20 Tex., 724.)

There were no proceeds or earnings out of which to pay debts.

II. There were no special exceptions taken to the petition. The general demurrer will not reach the point made in the

brief of appellant. The statute of limitation of two years is not pleaded by appellant. The only plea of limitation pleaded is that of six months against the record of the agreement and the mechanic's lien set up in the original petition. (Stiles *v.* Giddens, 21 Tex., 783; Black *v.* Drury, 24 Tex., 292; Frosh *v.* Swett, 2 Tex., 487; Wells *v.* Fairbanks, 5 Tex., 586.)

Appellee's exceptions to appellant's answer were properly sustained. (1 Story's Eq., secs. 199, 200*a*, 203*d*.)

GOULD, ASSOCIATE JUSTICE. — Our opinion is, that the pleadings of plaintiff stated no case entitling him to the partnership lien given by the judgment.

Those pleadings show a contract between plaintiff and defendant to erect jointly at a certain point a mill and gin, certain specified things to be done by each for that purpose, each party to bear one-half of the expenses of the construction, mutually agreeing that if either party should furnish more than the other of money, materials, &c., " in the erection of the said mill, the other party so in arrears will pay to the party having the greater amount of capital so invested one-half of the just, true, and equitable value of the said capital so in advance, to be paid out of the proceeds of the mill," winding up with an agreement to share equally the expenses and profits of running the mill and gin. The original petition alleged that, after the mill and gin were built, the parties, in March, 1877, had a full and fair settlement of their accounts for material, &c., furnished by each " in the construction of said mill and gin," " by which settlement it was found and agreed between petitioner and said defendant that he (defendant) was indebted to and owed petitioner in the sum of $928.25 for one-half of the excess of money, material, labor, and machinery furnished by petitioner in the construction and putting in running order said mill and gin." It alleged that the parties were the equal and joint owners of the land, mill, gin, fixtures, and other improvements, and that on or about the 16th day of February, 1877, plaintiff,

with the knowledge and consent of defendant, sold and conveyed his interest in said land, mill, gin, and fixtures, winding up with a claim of a mechanic's lien and asking judgment for the $928.25 as due on account stated.

Subsequently, the court having sustained exceptions to the petition in so far as it claimed a mechanic's lien, and the defendant having answered, (alleging, amongst other things, that the contract was one of partnership in the construction and running of the mill and gin; impeaching the alleged settlement for fraud and mistake; asserting that if any of the balance claimed by plaintiff was due, it was, by the terms of the contract, to be paid only out of the proceeds of the mill and gin, and that plaintiff had, by his sale, precluded himself from any recovery,) the plaintiff filed a supplemental petition, claiming that by virtue of the "contract of partnership between him and defendant, as heretofore alleged, he had and held a lien upon the interest of defendant in and to said mill and gin, and the land upon which the same was situated, to secure the payment of said balance found to be due him upon the settlement of accounts, as alleged in the original petition."

The plaintiff's right to sue for one-half of the excess of his advances for construction of the mill and gin, without going into a settlement of partnership accounts generally, could only be maintained by reason of the terms of the partnership contract. (Collyer on Part., sec. 284; Pars. on Part., 286; Story on Part., sec. 221; Lockhart v. Lytle, 47 Tex., 453.) The preference or lien of a partner on the partnership property is only to secure him in what may be due him on a final settlement of the partnership matters. (Story on Part., secs. 97, 221; 2 Story's Eq. Jur., sec. 1243; Collyer on Part., secs. 125–127.)

It has been seen that the plaintiff's pleadings did not seek a recovery on the ground of a balance due on final settlement, but claimed it on other grounds. The case stated by him was not one entitling him to the benefit of the lien claimed,

and it was error in the court to give judgment enforcing the lien. If the settlement actually embraced the entire partnership business, and the balance when ascertained was a final balance in favor of plaintiff, there was no averment of the fact, and the plaintiff could only recover on the case stated in his pleadings. The assignments or error are sufficient to present the question, and the error must lead to a reversal of the judgment.

Another error complained of is, that the court sustained special exceptions to that part of defendant's answer seeking to reopen the alleged settlement on the ground of fraud and mistake. The answer of defendant was, perhaps, defective in failing to disclose the facts, in regard to the item of lumber embraced in the settlement and objected to, sufficiently to show that it was erroneous, and that defendant was excusable for failing to object to it at the time. A stated account will not be reopened for the correction of an alleged error, unless it be specified so particularly that it may be judged of by itself. (Pars. on Part., 534.) The charges of fraud in the answer extended back to the original partnership agreement, and much of the answer alleging fraud was manifestly defective. Whilst we find no error in the action of the court sustaining the special exceptions to the answer, we are of opinion, that in reopening a settlement between partners alleged to have been procured by the fraud or mistake of the active managing partner trusted as such, equity will allow more latitude than in cases where no confidence is reposed. (1 Story's Eq., sec. 523, *et seq.;* Pars. on Part., 531.) The defendant, however, failed to amend his answer, alleging with greater certainty the dates and facts of the alleged errors and the excuse for his failure to discover the errors at the time of the settlement. If he was precluded from the benefit of a valid objection to the account stated, or to any of its items, the fault was his own in failing to amend, stating the facts more distinctly.

The construction of the contract, that plaintiff could recover

only out of the proceeds or profits of the mill, we do not think correct. The proceeds were the primary fund for the reimbursement of plaintiff; but if the partnership was, by consent, terminated before the proceeds were sufficient, the plaintiff would not be left without remedy.

The judgment is reversed and the cause remanded.

Reversed and remanded.