WILLIAM D. MacFARLANE, Appellant, *v.* ROBERT F. MacFARLANE and Others, Respondents.

*Joint devisees and legatees of real estate and of the business transacted thereon — when they become co-partners — real estate treated as a part of the co-partnership assets.*

The mere fact of a bequest by will, to two persons, of certain real estate and of the business transacted by the testator thereon, does not constitute such persons partners; it merely makes them joint owners; but their election to continue the business, each contributing thereto his share of the property bequeathed to him, renders the relation between them that of co-partners and the property co-partnership property.

Real estate used in the business of a co-partnership, although the title thereto is in the name of the individual members of the co-partnership, may be just as much co-partnership property as personal property, and for all co-partnership purposes is treated as personalty, and not until the co-partnership creditors are paid and the interests of the co-partners adjusted does it resume its character of real estate. In the absence of any accounting between the co-partners or adjustment of the co-partnership accounts the real estate cannot be separated from the rest of the co-partnership property and made the subject of a separate action in partition to divide the same or the proceeds thereof between the parties.

APPEAL by the plaintiff, William D. MacFarlane, from a judgment of the Supreme Court in favor of the defendants, entered in

the office of the clerk of the county of Albany on the 6th day of June, 1894, upon the report of a referee, with notice of an intention to bring up for review on such appeal the report of the referee and the exceptions thereto, and an order entered in said clerk's office on the 4th day of June, 1894, confirming the said referee's report.

*Jerome W. Ecker* and *Henry C. Nevitt,* for the appellant.

*John F. Montignani,* for the respondents.

HERRICK, J.:

Robert MacFarlane, the father of the parties to this action, for many years carried on the business of dyeing at No. 24 Norton street, in the city of Albany; he died on the 20th day of December, 1885, leaving a last will and testament, the second, third and sixth clauses of which read as follows: "2d. I do hereby give and bequeath to my beloved wife Annie, the sum of seven hundred dollars annually, to be paid in monthly or quarterly installments during the term of her natural life. 3d. I give and bequeath to my two sons, Robert F. and William D. MacFarlane, my house and property No. 24 Norton st., Albany, N. Y., with all the implements, mechanism and fixtures, and interest connected with and in the dyeing and scouring business, to be inherited equally, share and share alike. 6th. My wife's annuity shall be obtained from the rents of my houses, and if these are not enough, the remainder shall be made up by my sons from the proceeds of the dyeing and scouring business."

In July, 1892, the plaintiff commenced an action for a partition of the premises No. 24 Norton street; issue being joined, the action was referred to a referee to hear and determine. The referee, among other things, found that the plaintiff and the defendant Robert F. MacFarlane were co-partners, and as such co-partners, were the owners of No. 24 Norton street, and the business, good will, implements, fixtures and interests connected with and in the dyeing and scouring business formerly belonging to and carried on by Robert MacFarlane, deceased.

The referee dismissed the plaintiff's complaint, and from the judgment entered upon his report the plaintiff appeals to this court.

I think the judgment should be affirmed.

The two sons, Robert F. MacFarlane and William D. MacFar-

lane, upon the death of their father entered into possession of the premises No. 24 Norton street, and continued the business that had been conducted by him in his lifetime, dividing the profits thereof equally between them, until about July 18, 1890, when an arrangement was made between them by which the business was to be conducted under the sole management of William D. MacFarlane, he to receive two-thirds of the profits thereof, and the remaining one-third to be paid to Robert F. MacFarlane.

That arrangement continued down to the time of the commencement of this action; there has never been any accounting or settlement of the business between them. The taxes, assessments, insurance and other charges upon the real estate No. 24 Norton street were paid out of the proceeds of the business and charged to the expense account of said business.

A portion of the annuity of the widow of Robert MacFarlane, deceased, was annually paid out of such business.

The plaintiff, in his testimony, speaks of the business there carried on as co-partnership business.

Although it does not appear from the case that there was any specific agreement, either oral or written, entered into between them, it seems to me that from the manner that they received the real estate in question, with the apparatus, machinery. and appliances thereon, the evident intention of the testator, as evidenced by the sixth clause of his will, that they should continue the business as theretofore carried on by him; and the fact that they thereafter carried on said business together, dividing the profits thereof equally between them, constitutes in fact and in law a co-partnership as completely as if written articles of co-partnership between them had been signed.

The mere fact of the bequest to them by will of the real estate in question and of the business did not constitute them partners, but merely made them joint owners; but their election to continue the business, each contributing thereto his share of the property so bequeathed to him, rendered the relations between them that of co-partners and the property co-partnership property.

Real estate used in the business of a co-partnership, although the right and title are in the name of the individual members of the co-partnership, may be just as much co-partnership property as

personal property, and for all co-partnership purposes the payment of debts and the adjustment of accounts between the co-partners themselves, is treated as personal property.

When purchased by partnership funds to be used in the partnership business, and actually appropriated to and used in the partnership business, it becomes co-partnership property, although the real title be in the names of the individual members of such co-partnership or of one of them. (Am. & Eng. Ency. of Law, 944, *et seq.;* *Hiscock* v. *Phelps,* 49 N. Y. 97; *Fairchild* v. *Fairchild,* 64 id. 471; *Greenwood* v. *Marvin,* 111 id. 423.)

Co-partners can contribute an interest in real estate to the capital stock of a co-partnership, as well as money or other personal propersy, and being so contributed, it becomes a part of the co-partnership assets.

At the moment of their father's death William and Robert Mac-Farlane became joint owners of the real estate in question, and by electing to carry on the business together, using such real estate for the business, it was a contribution by each of his interest in such real estate to the co-partnership, and rendered it co-partnership property.

Again, the bequest to them was of the real estate, implements, mechanism and fixtures, together with the business as a whole; they were bound together, and the plaintiff elected to so treat them for a number of years, treating the real estate as much a part of the co-partnership property as any other of the property or business bequeathed to him.

The evident intention of the testator, coupled with the acquiescence therein of the legatees and their conduct in relation to such real estate for a series of years, renders such real estate co-partnership property. (*Jackson* v. *Jackson,* 9 Ves. 591; *Waterer* v. *Waterer,* 15 Eq. 412.) As co-partnership property it is personalty, and not until the co-partnership creditors are paid and the interests of the co-partners adjusted does it resume its character of real estate. (*Fairchild* v. *Fairchild, supra; Greenwood* v. *Marvin, supra.*)

Being a part of the partnership property and assets it cannot, in the absence of any accounting between the co-partners or adjustment of the co-partnership accounts, be separated from the rest of the

co-partnership property and made the subject of a separate action to divide the same or the proceeds thereof between the parties.

The judgment should be affirmed, with costs.

