**BANCROFT et al. v. BROWN.    (No. 1384.)**

(Court of Civil Appeals of Texas. Beaumont. April 7, 1926. Rehearing Denied April 14, 1926.)

**1. Partnership ⬤⟾178.**

Generally, one partner cannot maintain partition of partnership land against copartner until after creditors are paid and interests of partners are adjusted.

**2. Partnership ⬤⟾178.**

On dissolution of partnership, its debts should be paid first out of its assets, to relieve partners of personal liability.

**3. Judgment ⬤⟾251(1).**

Judgment granting recovery to plaintiff of one-half purchase price of land *held* error,

when there was no pleading on which to base it.

**4. Descent and distribution ⬤⟾119(1)—Judgment held not maintainable against defendant partner's heirs binding them to carry out agreement to pay one-half price of land purchased by copartner in individual name, where agreement was never carried out by partners.**

Where plaintiff partner purchased land individually and agreed with defendant partner that it might become firm property on defendant's paying one-half the price, but agreement was never carried out, and plaintiff's suit was not for specific performance, judgment granting plaintiff recovery for one-half the price cannot be maintained against defendant's heirs binding them to carry out the agreement.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Action by Frank Brown against T. O. Bancroft, executor of the estate of J. A. Ochiltree, and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. D. Gordon, of Beaumont, for appellants.
Holland & Holland, of Orange, for appellee.

O'QUINN, J. Appellee filed suit in the district court of Orange county, Tex., against J. A. Ochiltree, alleging that they were joint owners of 19 tracts of land, each being the owner of an undivided one-half, and prayed for a partitioning and for relief generally.

Ochiltree answered alleging that he and Brown, about the year 1900, formed a partnership for the purchasing of lands in Orange county, Tex., for the purpose of rice farming, which said partnership had continued to that date; that the allegations of joint ownership of the lands described in appellee's petition were true; and further alleged that there were three other tracts, one of 6 acres, one of 13 acres, and one of 120½ acres, that were purchased for said partnership and its purposes, but that the deeds thereto were taken in the name of appellee, but that said three tracts of land were, in fact, partnership property and the assets of said firm. He further pleaded that in the course of the partnership business he had individually advanced large sums of money for the use and benefit of said partnership, and that the partnership owed other persons and corporations for borrowed money used in its business that were charges against said partnership property, and prayed for an accounting between the partnership and its other creditors and between the partners, and that after all debts owing to other creditors had been paid and a full accounting had between the partners, the remainder, if any, of the partnership assets be divided equally between them. Pending the suit, Ochiltree died, and T. O. Bancroft was appointed independent executor

under Ochiltree's will, and he and the heirs and beneficiaries under the will appeared and adopted the pleadings of said Ochiltree and prayed for the same relief.

The case was tried before the court without a jury, and judgment rendered in favor of appellee, Brown, against Bancroft, executor, and the heirs and beneficiaries under the will, for an undivided one-half interest in the 19 tracts of land described in appellee's petition, and adjudging to appellee the title to the 6-acre tract and 13-acre tract described in Ochiltree's answer, and adjudging the third of said tract, 120½ acres, to be partnership property, finding that said tract was purchased by Brown and paid for out of his separate and individual means, but that after purchasing same he made a verbal agreement with Ochiltree that if Ochiltree would pay him one-half of the purchase money paid for said tract he (Brown) would convey to him (Ochiltree) one-half of same, and rendering personal judgment in favor of appellee against the heirs of said Ochiltree in the sum of $5,540.40, that being the amount of one-half of the purchase money paid for said 120½-acre tract, with interest thereon at the rate of 8 per cent. from the date of the purchase until the date of the judgment, and decreeing a vendor's lien against said land for said amount, and foreclosing same, and ordering the land sold to satisfy same. The judgment further decreed that the 19 tracts mentioned in appellee's petition be divided equally, and further decreeing that—

"It appearing to the court that the lands of the partnership herein ordered partitioned, or some of them, are incumbered by partnership debts, and that the partnership heretofore existing between the parties owes partnership debts, it is ordered that this judgment shall in no way affect said partnership debts or liens on the property herein ordered partitioned owing by the partnership."

The judgment further decreed that—

"The defendant and interveners (executor and heirs of Ochiltree) take nothing against the plaintiff by reason of their cross-action for an accounting."

[1, 2] The judgment will have to be reversed and remanded, for the reason that as a general rule one partner cannot maintain an action for the partition of the partnership real estate against his copartner until after the creditors of the partnership have been paid and the interest of the partners adjusted. 30 Cyc. 468; 22 A. & E. Law (2d. Ed.)

131.; Merriwether v. Hardeman, 51 Tex. 441; Wiggins v. Blackshear, 26 S. W. 939, 86 Tex. 665; Danforth v. Levin (Tex. Civ. App.) 156 S. W. 569; Molineaux v. Raynolds, 35 A. 536, 54 N. J. Eq. 559; Chase v. Angell, 108 N. W. 1105, 148 Mich. 1, 118 Am. St. Rep. 568; McFarlane v. McFarlane, 31 N. Y. S. 272, 82 Hun, 238; Ann. Cas. 1916D, 831, note 2. The record shows without dispute that the partnership was largely in debt, one witness testifying that a bank with which he was connected held claims against the partnership amounting to $20,000 or more. The judgment also recites that the partnership owed debts, and that some of the partnership property was incumbered with liens to secure the debt. Upon the dissolution of a firm or their ceasing to do business, the debts of the partnership should be first paid out of the partnership property, in order to relieve the partner from personal liability therefor. Out of this right of each partner to have the firm property applied to the payment of firm debts, in order that he may be discharged from personal liability, grew the rule that the partition of real property of the firm will not be decreed so long as debts of the partnership remain unpaid. Molineaux v. Raynolds, 35 A. 536, 54 N. J. Eq. 559.

[3, 4] We think the court's judgment granting a recovery to appellee for $5,540.40 (one-half of the purchase price of the 120½-acre tract of land, with interest from the date of Brown's purchase to the date of judgment) was also error. In the first place, there was no pleading upon which to base said judgment (Merriwether v. Hardeman, 51 Tex. 441, 442), and, next, we believe that as the court found that Brown purchased the land individually and paid for same with his individual means, but afterwards agreed with Ochiltree that he might acquire a one-half interest in same, and that it might become partnership property upon his (Ochiltree's) paying to Brown one-half of the purchase price, with interest from the date of purchase, and it being undisputed that Ochiltree never paid any part of said amount, therefore the agreement between Brown and Ochiltree was never carried out, and this not being a suit for specific performance of said contract, judgment cannot be maintained against the heirs of Ochiltree binding them to carry out said agreement.

Other questions have been presented, but as they may not arise upon another trial, they are not discussed.

The judgment is reversed, and the cause remanded.