## In re JONES.
### No. 31843.

United States District Court
E. D. Michigan, S. D.
Oct. 13, 1949.

606

Robert D. Anspach, Detroit, Michigan, for appellant.

Devine, Kent & Devine, Detroit, Michigan, Edward D. Devine, Jr., Detroit, Michigan, of counsel, for trustee.

THORNTON, District Judge.

The within matter involves a petition for review of an order by the Referee in Bankruptcy confirming the sale of real estate free and clear of the dower interest of the wife of the bankrupt.

The facts in connection with this matter are not in dispute. Among the assets of this estate was a piece of commercial real estate upon which the bankrupt conducted his business, title to which was in the individual name of the bankrupt. On February 3, 1949, the Bankruptcy Court entered an order of sale of the real and personal property, and after due notice to creditors such sale was held at public auction on March 2, 1949. At the hearing on confirmation of the sale held on March 3, 1949, the Trustee reported that the auctioneer had offered the real estate for sale both free and clear of dower and subject to dower, and that $6,800 had been bid for the real estate free and clear of said dower, whereas only $1,500 had been bid for the real estate subject to dower. The Trustee recommended confirmation of the free and clear bid. Counsel for bankrupt and the bankrupt's wife objected to confirmation of the sale free and clear of dower, on the ground that the Court had no jurisdiction to confirm a sale in that manner. The matter of the confirmation of this sale was adjourned for legal argument and the Bankruptcy Court subsequently entered an order confirming the sale of the real estate free and clear of the dower interest of the wife, and transferred the lien of such dower interest to the proceeds of the sale, and in support of this decision the Referee found substantially as follows:

Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7), as it now exists, confers jurisdiction upon the Bankruptcy Court to—"Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided, and determine and liquidate all inchoate or vested interests of the bankrupt's spouse in the property of any estate, whenever under the applicable laws of the State, creditors are empowered to compel such spouse to accept a money satisfaction for such interest."

As stated by the Referee in his certificate on the Petition for Review, the issue for this Court to determine is whether or not, under the laws of the State of Michigan, creditors are empowered to compel the wife to accept money satisfaction for her inchoate dower interest.

The Referee further states that the one case in Michigan most squarely in point is Chase v. Angell, 148 Mich. 1, 108 N.W. 1105, 1108, 118 Am.St.Rep. 568, wherein the Court said as follows: "We have two statutes that confer the power upon courts of justice, to compel persons having dower interests, to be satisfied with a provision in lieu thereof, 1st, [3] Comp.Laws, § 8953, which applies to proceedings instituted by widows, to recover dower in lands which the husband has conveyed without his wife's concurrence, and 2d, [3] Comp. Laws, § 11,100, which covers cases of sales under judgments or decrees for partition."

3 Compiled Laws § 11100, Michigan Statutes Annotated 27.2096, provides for the determination of a wife's dower interest in cases of sales under judgments or decrees for partition and if the Referee has any authority to determine the dower interest of the wife in the present case, such right could arise only if, under Michigan law, a creditor would have the right to institute partition proceedings.

 Partition is a statutory proceeding covered by M.S.A. 27.2012 which reads as follows: "All persons holding lands as joint tenants or tenants in common, may have partition thereof, in the manner provided in this chapter."

A creditor is not a joint tenant or a tenant in common and inasmuch as he has no interest in the title to the land of the debtor, and since an interest in the title to land and a right to immediate possession are among the essentials for the filing of a suit in partition, it follows that a creditor has no right under the laws of the State of Michigan to force partition. Section 631.3, 1948 Compiled Laws, M.S.A. 27.2014, reads as follows: "Such suit may be maintained by any person who has an estate in possession of the lands of which partition is sought, but not by one who has only an estate therein in remainder or reversion; such suit may also be maintained by any person who has an estate in possession in any ores, minerals or metals, that may exist or be hereafter discovered in such lands, and such last mentioned suit shall be brought only against such persons as may have an estate in possession in such ores, minerals or metals, and any person who owns an undivided interest, however acquired, in all of the estates in possession and in expectancy, in the land of which partition is sought, shall be deemed to have an estate therein in fee simple, absolute in possession, to the extent of the least share which he has in any of the estates, and shall be entitled to maintain a bill for partition under the provisions of this chapter."

The Referee, in arriving at his decision, felt that creditors, are proper parties to a partition proceeding, and in support of this position cited 27.2018 M.S.A., Sec. 631.7, 1948 Michigan Compiled Laws. An examination of this section, and the following sections, will show that even a lien creditor need not be made a party to a partition proceeding, although in Section 631.9, 1948 Michigan Compiled Laws, M.S.A. 27.2020, it is provided that a proper plaintiff in partition proceedings may at his election make a lien creditor a party to the porceeding, but as to this provision it should be noted, however, that the creditor is not himself given a right to institute partition proceedings, that right being reserved to the parties mentioned in Section 631.1 and 631.3, 1948 Compiled Laws, M.S.A. 27.2012, 27.2014.

 Since the laws of the State of Michigan do not give a creditor the right to compel a spouse to accept a money satisfaction in lieu of her dower interest, the Bankruptcy Court does not have jurisdiction to determine and liquidate the dower interest of a wife.

An Order may be entered reversing the Order of the Referee directing the sale of the real estate herein involved free and clear of the dower rights of the appellant's wife herein.