## MEGERT v. BARNES et ux.
### No. 6304.

Court of Civil Appeals of Texas. Amarillo.
May 25, 1953.

Rehearing Denied June 15, 1953.

Jack Alexander, Borger (W. O. Slattery, Corpus Christi, of counsel), for appellant.

Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, for appellees.

MARTIN, Justice.

Appellant, A. S. Megert, entered into a written contract with appellee, R. W. Barnes, for the conduct of a business known as Businessmen's Luncheon Club. The Businessmen's Luncheon Club occupied a building owned by the appellant and under the contract he was to receive a monthly rental of $300 for the use of the building. The trial court ruled that the written contract executed by appellant and appellee constituted them partners in the ownership and operation of the Businessmen's Luncheon Club.

Appellant's Point 1 asserts that "the weight of evidence was insufficient to establish the relationship of partners between A. S. Megert and R. W. Barnes, as a matter of law, the contract and the evidence showing it to be relationship of landlord, and tenant". This point of error, labeled by the appellant as his 1st proposition, raises a fundamental issue which will determine the appeal as a finding of partnership fixes the distribution of any assets of such partnership on dissolution of the relationship.

The written contract executed by the parties provides that appellee and appellant will each advance $7,000 for the purpose of commencing the Businessmen's Luncheon Club. The parties testified that the initial advancement was in fact $7,500. It was agreed that this money would be used only for the purpose of conducting said business, purchasing furniture and equipment. It is particularly noteworthy that, if further funds were needed for such purpose, each party agreed to contribute an equal amount of such needed funds. Under such provision it is evident that if the business exhausted its initial capital, the fund was to be bolstered by additional contributions and thus the parties would share any loss in operation. It was further agreed between the parties that appellant was to share in the profits made from the business. Likewise, each party owned an undivided one-half of all equipment, furniture and merchandise used or on hand in said business. Appellee, under the contract, was to deliver to appellant a surety bond in the sum of $10,000 to insure to appellant the correct handling and disposition of all funds belonging to the business and all income from the business. The contract also provided that, in the event of a discontinuance of the business, there would be an immediate division of all property. It is particularly noteworthy that in Paragraph 7 of the written contract stating that each party owns one-half of all equipment and merchandise and providing for a division of the same, the parties use the following language: "upon any dissolution herein such division shall be made upon that basis, subject only to any advances or indebtedness which either may have personally incurred with said business * *". Under this provision it is noted that in the final summation the parties were liable for all indebtedness, and the term "dissolution" could have no reference to the termination of the contract but only to the dissolution of the partnership relationship. Under the terms of the written contract and the facts disclosed by the record, the trial court correctly ruled that appellant and appellee were partners in the ownership and operation of the Businessmen's Luncheon Club. Appellant's Point 1 is accordingly overruled. Davis v. Gilmore, Tex.Civ.App., 244

S.W.2d 671, writ refused. Noska v. Mills, Tex.Civ.App., 141 S.W.2d 429. Root v. Tomberlin, Tex.Civ.App., 36 S.W.2d 596; Mangum v. Turner, Tex.Civ.App., 142 S.W.2d 951.

The above ruling will result in a disposition of the appeal as hereinafter pointed out. However, a brief discussion of the record will reveal that the trial court erred in its disposition of the assets of the partnership, even considering that there were no outstanding creditors of the business. The assets of the partnership totaled the sum of $3,465.61 and under the judgment of the trial court appellee was awarded all of such assets except the sum of $190.93. The judgment awarded the First National Bank of Borger $1,288.57 as due it on a loan made to appellee. This sum was deducted from the amount awarded to appellee in the trial court's judgment. Appellee advanced his prior right to all of the partnership assets by the ingenious device of writing off a debt in amount of $3,183.75 alleged to be due appellee from his brother-in-law. As to this item, appellee contended that he owed his brother-in-law the same for wiring the building occupied by the partnership. He further contended that he advanced contributions totaling $1,100. This item of $1,100 added to the brother-in-law debt in amount of $3,183.75 totaled the asserted advancement of $4,283.75. Having thus built up an asserted advancement of $4,283.75 over and above his initial investment of $7,500 the appellee used such alleged advancement to cancel $1,200 rent due appellant from the partnership as found by the jury and also therewith consumed all of the partnership assets except the sum of $381.86. Of the sum of $381.86 appellant was awarded one-half thereof, or $190.93.

An examination of the record reveals that appellee's theory he was due from appellant the entire sum of $4,283.75 as above shown is based upon the written contract provision as follows "that if further funds are needed for such purpose each party agrees to contribute an *equal* amount of such funds" (emphasis added). It is readily apparent that if appellee contributed to the partnership the entire advancement of $4,283.75 as above outlined, appellant could have rendered equal the contribution of each party to such advancement of $4,283.75 by paying to appellee one-half such advancement or the sum of $2,141.87. It is also readily apparent that after appellant's $1,200 rent had been credited off to appellee as well as practically all of the partnership assets, appellee not only had been repaid in full the entire $4,283.75 as purportedly invested by him over and above his original $7,500 investment, but appellant and the partnership assets had been delivered the entire burden. The above two paragraphs detailing the disposition of the partnership assets and the elimination of the item of $1,200 rent due appellant have been included herein because they reveal clearly the error in the trial court's disposition of the partnership assets as asserted under appellant's Point 6.

However, a principle more fundamental than that revealed by the above brief discussion governs the proper disposition of this appeal. There is no error of sufficient merit to require a reversal of the trial court's judgment under appellant's Points 1, 2, 3, 4, and 5 and such points are accordingly overruled. Under appellant's Point 6, an examination of the record reveals that appellant admits the partnership is indebted to its creditors in the sum of $5,557.71 and even appellee admits debts due from the partnership to the creditors in the amount of $2,379.58—which sum does not include the further amount of $1,200 rent due appellant under the findings of the jury in the cause. As stated hereinabove, the assets of the partnership on deposit in the registry of the court total only the sum of $3,465.61. "The law governing partnership property has been settled so long no citation of authority is necessary to sustain the proposition that firm creditors have first claim to partnership assets and that partners or their representatives have no rights until firm debts are paid. Such a proposition is fundamental and elemental. * * * It has long been recognized that in Texas the liability of partners for firm obligations was both joint and several." Smith v. Wayman, 148 Tex. 318, 224 S.W.2d 211, 218, Syl. 7–10; Converse & Co. v. McKee, 14 Tex. 30, 31; Egan v.

American State Bank, Tex.Civ.App., 67 S.W.2d 1081, Syl. 2–4; Bancroft v. Brown, Tex.Civ.App., 283 S.W. 206, Syl. 1–2; 68 C.J.S., Partnership § 187, p. 641. Appellant's Point 6 asserting that assets of the partnership were improperly distributed is accordingly sustained.

The creditors of the partnership should be paid before the partners obtain a division of the partnership assets. The judgment of the trial court is reversed and the cause is remanded.