EISNER v. EISNER.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

1. PLEADING—ACTION FOR RECOVERY OF REAL PROPERTY—ALLEGATIONS AS TO TITLE.

Where it appears by the allegations of the complaint in an action to recover an interest in real estate that one of the defendants has conveyed his interest to his co-defendant, a demurrer on the part of such defendant was properly sustained.

2. PARTNERSHIP—ACCOUNTING BETWEEN PARTNERS—SUFFICIENCY OF ALLEGATIONS.

A complaint in an action by a partner to recover his interest in real estate alleged to have been bought with partnership funds, the title being taken in the name of his co-partners, in the absence of any allegations as to the terms of the partnership and the rights and interests of the partners, is insufficient as a petition for an accounting.

3. EJECTMENT—UNDIVIDED INTERESTS—PARTNERS.

Code Civ. Proc. § 1500, providing that where two or more persons are entitled to the possession of real property as joint tenants, or tenants in common, one or more of them may sue for his or their undivided shares, does not entitle a partner to maintain such an action against his co-partner for property purchased with partnership funds, where there has been no accounting, and the rights of the partners have not been determined.

Appeal from special term, New York county.

This was an action brought by Julius H. Eisner against Mark H. Eisner and David L. Eisner. The defendant Mark Eisner demurred to the complaint, and from the decision sustaining such demurrer, and an interlocutory judgment entered thereon, plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Samuel G. Adams, for appellant.
George W. Carr, for respondent.

O'BRIEN, J. In form, the appeal is from a decision sustaining a demurrer, and from the interlocutory judgment entered thereon. We have many times reiterated that there is no such practice as an appeal from the decision. Therefore that must be dismissed, and the question presented is upon the appeal from the interlocutory judgment.

It is a little doubtful as to just what the plaintiff's theory of this action is,—whether one by a co-partner for an accounting, or one to determine an interest in real estate. And this is emphasized by

the appellant, who insists upon both grounds; but as these are by no means identical, and cannot be sustained upon the same allegations and proof, we are left to determine from the complaint—what the appellant himself seems unable to do—just what is the character of this action. We should be inclined to commend the brevity of the pleader, were it not accompanied by so much obscurity,—the pleader clearly avoiding the charge of redundancy. The complaint alleges that the parties to this action were co-partners in business; that the business was discontinued in 1888; that all the firm debts have been paid, and that the only assets, excepting a few doubtful claims, consist of the real estate described in the complaint; that the title to this was taken in the name of the defendants, for the benefit of the copartnership, and was paid for with partnership funds; "that the interests of the parties to this action in said property were as follows: The plaintiff was the owner of an undivided one-fifth thereof, and the defendants were each the owners of an undivided two-fifths thereof;" that the defendant Mark H. Eisner conveyed his interest to the defendant David L. Eisner; and that the title to the property is now in the name of the latter. On these allegations, the complaint demands that the rights of the parties in the real estate described "be adjusted by this court; that the same be sold, and the proceeds thereof be distributed among them; and that plaintiff may have such other and further relief in the premises as may be just." It will be noticed that the plaintiff claims, not that he is, but that he was, the owner, and no inference or presumption is to be drawn that he had any interest in the property at the time this action was begun. If we assume, however, that the language is susceptible of the construction that he claimed a one-fifth interest at the time the action was commenced, the question which we have suggested remains: What is the character of this action? Is it one for a copartnership accounting, or is it one to recover an undivided share in property, pursuant to section 1500 of the Code of Civil Procedure? The plaintiff does not ask for an accounting, nor are there sufficient facts alleged to warrant it. Neither the terms of the co-partnership, nor the rights and interests of the respective parties, appear. It is not even alleged that the partnership was dissolved, or what was the state of the account between the plaintiff and his co-partners. Even, therefore, if we assume that the property belonged to the co-partnership, and that this action is for an accounting, the interest of the plaintiff could not be determined until after an accounting of the copartnership affairs. Having regard, therefore, to the necessary allegations which should appear in an action for an accounting, we cannot assume that the plaintiff intended to bring this for an accounting; and, if we did, the complaint, for the reasons assigned, is fatally defective. Section 1500 of the Code provides that "where two or more persons are entitled to the possession of real property, as joint tenants or tenants in common, one or more of them may maintain such an action, to recover his or their undivided shares in the property, in any case where such

an action might be maintained by all." It is alleged here that the demurring defendant conveyed his interest to the other defendant. He is not, therefore, a necessary party to such an action. Nor do we think that the section referred to can apply to property bought with copartnership funds, where there has been no accounting, and where the rights of the parties to the real estate have not been determined. On either theory, therefore, we think that the allegations of the complaint are insufficient, and that the demurrer was properly sustained.

The appeal from the decision is therefore dismissed, and the judgment affirmed, with costs, with leave to the plaintiff to serve an amended complaint upon payment of costs in this court and in the court below. All concur.