JENNIE K. MOORE, Plaintiff, *v.* WILLIAM A. HATFIELD et al., Defendants.

(County Court, Nassau County, March, 1911.)

Partition — Decision, judgment and relief — In general — Effect of report of referee; Enforcement of collateral rights and agreements.

Under section 1546 of the Code of Civil Procedure the court must order an actual partition of so much of the property as can

be actually divided among the parties without great prejudice to the owners.

A dower interest in the share of an infant in real estate sought to be partitioned may be disposed of and provided for in the final judgment in case the dowress does not file her consent to accept a sum in gross.

Where, on motion of a guardian *ad litem* of another infant defendant to confirm the report of the referee to which finding the plaintiff had filed an exception, it was conceded by all parties that the plan of partition and sale proposed by plaintiff would be more advantageous than the one proposed in the referee's report, the plan proposed by plaintiff will be adopted, and an interlocutory judgment in plaintiff's favor directing such a sale will be granted.

Motion for interlocutory judgment in an action for partition and to confirm report of referee.

Monford & Faber, for plaintiff.

William H. E. Jay, guardian *ad litem* for defendant John B. Murtagh.

John Lyon, for defendant Frances P. Hatfield, individually, and as administratrix, etc., guardian *ad litem* for infant William A. Hatfield.

Benjamin E. Valentine, defendant in person.

William S. Pettit, guardian *ad litem* for Elsie Marian Huston.

NIEMANN, J.   Motion for interlocutory judgment, in an action for partition, upon the report of a referee to take proof of title, etc.   The referee has reported that, in his opinion, the greater portion of the premises designated in the complaint is so circumstanced that actual partition thereof can be had without great prejudice to the owners, and that the remaining portion should be sold.   An exception to this finding has been filed by the plaintiff.   The guardian *ad litem* for the defendant John B. Murtagh moves to confirm said report.

County Court, Nassau County, March, 1911.     [Vol. 71.

The premises in question consist of about one acre of land, situate on the corner of Broadway and Irving avenue, Woodmere, N. Y. A map showing the plan of division of the property, under which a part would be actually partitioned and a part sold, was put in evidence before the referee, and upon the argument of this motion another survey, showing a different plan of actual partition of a part and a sale of the rest, was, by consent of all parties, submitted to the court.

The fee of the property is held by four persons, each owning one-fourth, to wit: Jennie K. Moore (plaintiff); William A. Hatfield (defendant, and an infant under fourteen years of age, whose interest is subject to the dower right of his mother, Frances B. Hatfield); John B. Murtagh (defendant); and Benjamin E. Valentine (defendant).

It is claimed by the plaintiff and the infant defendant, William A. Hatfield, through his guardian *ad litem,* that the property is so circumstanced that a partition cannot be made without great prejudice to the owners. On the other hand, the defendants Benjamin E. Valentine and John B. Murtagh insist that an actual partition of a portion can be had and that there should be a sale of the remaining portion. The reasons urged by those in favor of a partial partition and sale are: (1) That the most valuable portions — the two corners on Broadway — are so circumstanced that an actual partition thereof cannot be made and a sale thereof would be for the best interests of all the cotenants, as there are no mortgages on the property and the proceeds of the sale of these corners would produce a very considerable sum in cash to be divided among the cotenants; and (2) that the remaining part is easily susceptible of division into lots, according to either of the plans submitted, and by this arrangement each one of the owners would receive separate and distinct village lots which they could hold at their pleasure. On the other hand, the reasons advanced by the plaintiff for a sale are that an actual partition and a sale would practically double the expenses, by necessitating the payment of commissioners' fees in addition to the expenses incident to a sale, and that, as the defendant Frances B. Hatfield is entitled to dower in an undivided one-fourth of

the property, a sale of the entire property might obviate the
necessity of a separate proceeding for the admeasurement of
her dower at some future time. In addition to the reasons
urged by the plaintiff, the guardian *ad litem* for the defend-
ant William A. Hatfield claims that, as said defendant is
only five or six years of age and has no income, he would
not be able to carry the property which would be apportioned
to him, and that an infancy proceeding would have to be
instituted to sell the part allotted to him, which would impose
upon him an additional expense.

I have given all these conflicting views careful considera-
tion. It is always difficult — where the situation of the
parties differs as to their ability or desire to hold a portion
of the property for future increase in value, and where as
to some the use of ready money is preferable to an allotment
of a portion of the property — to make a disposition which
will satisfactorily meet the particular exigencies of the rela-
tive situation of each to the matter in controversy. The
reasons urged by the plaintiff, based upon the extra ex-
penses, would not seem to me to be sufficiently grave to affect
the matter. The matter of the dower interest of Mrs. Hat-
field in the share of her infant child can, in case she does not
file a consent to accept a sum in gross, be disposed of and
provided for in the final judgment to be entered in this
action. Code Civ. Pro., § 1569. The objection urged by
the guardian *ad litem* for the infant, which is of a two-fold
nature, namely, that the infant would not have the means to
keep up the property, that is, pay the taxes, etc., on the lots
allotted to him, and that the infant might be subjected to
the expense of an infancy proceeding to dispose of the lots
assigned to him, is sufficiently answered, in my judgment,
by the fact that the infant (assuming that he has no other
means whatever) will have his share of the money realized
out of the proceeds of the sale of the valuable business
corners; and the remaining objection, that an infancy pro-
ceeding may have to be taken, is, in my opinion, sufficiently
offset by the following consideration: If there is a sale the
infant will not be able to compete with his adult co-owners
for the purchase of the lots, and in the present unfavorable

state of the real estate market — of which the court may take judicial notice and should consider in determining the best course to be taken (Porter v. Waring, 2 Abb. N. C. 230, 235; Walker v. Walker, 3 id. 12, 16) — the interests of the infant in these valuable village lots, if there is a sale now, may be sacrificed. On the other hand, if his fair proportion of said lots is assigned to said infant, they may, and in my opinion actually will, because of the great developments which in all probability will take place in that section in the near future, become greatly enhanced in market value in a few years. Should it become necessary hereafter to dispose of the lots assigned to the infant, the small cost of the infancy proceeding — carefully guarded as it is as to expense by the statute — will be more than offset by the ample opportunity afforded to find a purchaser at private sale and thus to secure full value for the infant's property. This can be secured by carefully choosing the time and condition of the market.

But, aside from the foregoing considerations, the provisions of the statute must be considered. The Code of Civil Procedure (§ 1546) requires the court to direct actual partition to be made where it is found, by the verdict, report or decision, or where it appears to the court, upon an application for judgment in favor of the plaintiff, that the property, *or any part thereof,* is so circumstanced that a partition thereof can be made without great prejudice to the owners. The question is not whether a sale might be more agreeable or even in some respects more advantageous to some of the parties. The statute makes a sale the secondary consideration. The question first to be considered and adjudicated is, Can there be an actual partition? There is but one instance in which the court has a right to direct a sale, and that is where partition cannot be made without great prejudice to the owners. There is no evidence in this case, and nothing has been shown upon the hearing of this matter before me that would justify me in ignoring the plain mandate of the statute to order an actual partition of as much of the property as can be actually divided among the parties. That this is the proper course is shown by the following authorities: Classon v. Classon, 6 Paige, 541; affd., 18 Wend. 369;

Smith v. Smith, 10 Paige, 470; Haywood v. Judson, 4 Barb. 228, 231; Walker v. Walker, 3 Abb. N. C. 12; Stephenson v. Cotter, 23 N. Y. St. Repr. 74; Chittenden v. Gates, 18 App. Div. 169, 173, 174; Smith v. Trustees, etc., of Brookhaven, 36 id. 386. This only leaves the question as to which of the two plans of partition and sale should be adopted. The parties are all agreed that there should be a sale of the corner property, and the question only remains as to whether the plan of division proposed by the defendant Valentine or that proposed by the plaintiff's counsel, as shown on their respective diagrams submitted by them, should be adopted. Upon the argument of this motion it was practically conceded by all the parties that the plan proposed by the plaintiff would be more advantageous than the plan proposed in the referee's report and shown on the defendant Valentine's survey. A consideration of both plans has inclined me to favor the plan proposed by the plaintiff, and I think that plan should be adopted.

The exception filed to the referee's report should be overruled and said report confirmed. Commissioners should be appointed to make the partition, and a referee to make the sale, according to the rules and practice of this court. An interlocutory judgment in favor of the plaintiff, directing such partition and sale, may be prepared and submitted for settlement before me on five days' notice to all parties who have appeared in this action. The question of costs and allowances will be reserved until the coming in of the report of such commissioners and the report of sale of the referee and will be disposed of on the motion for final confirmation of said referee's report.

Judgment accordingly.