ALEXANDER ROSEN, Plaintiff, *v.* SOL ROSEN and Others, Defendants.

Supreme Court, New York County, November 9, 1925.

**Lis pendens — motion to vacate lis pendens — action for partnership accounting not action to recover judgment affecting interest in real property, within meaning of Civil Practice Act, § 120 — lis pendens may not be filed therein — motion granted.**

An action for a partnership accounting, wherein the plaintiff claims a partnership with the defendant for the purpose of dealing in real estate and asks for a judgment declaring his interest in the specific partnership properties to be certain amounts, is not an action to recover a judgment affecting title to possession, use or enjoyment of real property, within the meaning of section 120 of the Civil Practice Act, and, therefore, a *lis pendens* may not be filed therein.

Accordingly, defendant's motion to vacate the *lis pendens* should be granted upon the filing of an undertaking.

MOTION by defendant to vacate *lis pendens* in action for partner-
ship accounting.

*Horace London*, for the plaintiff.

*Pfeiffer & Crames*, for the defendant Sol Rosen.

PROSKAUER, J.   The plaintiff sues claiming a partnership with the
defendant for the purpose of dealing in real estate.   His essential
prayer for relief is that the partnership be dissolved, its assets
consisting of real estate be sold, its debts be paid and the net pro-
ceeds divided in accordance with the alleged partnership agreement.
These prayers for relief are appropriate to the allegations of the com-
plaint, which claim partnership.   Plaintiff adds, however, a prayer
for judgment declaring the interest of the plaintiff in the specific
partnership properties to be certain amounts and he has filed a
notice of pendency of action against all the properties.   Defendant
moves to vacate this *lis pendens*, offering to give a surety company
bond in any reasonable amount to be fixed by the court.   The
fact of partnership is denied and the affidavits abound with allega-
tion and counter-allegation as to a fraud claimed to have been
perpetrated on the defendant by the plaintiff, his son.

The ultimate determination of the validity of these charges
cannot be made on this motion, but must be had on trial.   In
the meantime one parcel of the real estate is under contract of
sale made before this *lis pendens* was filed, a mortgage is about to
become due on another parcel and the renewal of it is made
substantially impossible by the existence of the *lis pendens*.   Thus
defendant is threatened with most serious consequences unless he
is relieved of this *lis pendens*.

The plaintiff's position is that the court has no power to cancel
the *lis pendens* because the action is one to declare a specific
interest in real estate.   The Civil Practice Act (§ 124) provides
that the court may in its discretion cancel a *lis pendens* in an action
other than an action to foreclose a mortgage, or for the partition
of real property, or for dower.   The authorities have somewhat
further limited this discretion by holding that it should not be
exercised where the plaintiff's cause of action is not for money,
but for specific performance, or to have a specific ownership in
real property decreed.   (*Weingarten* v. *Minskoff*, 204 App. Div.
750; *Wolinsky* v. *Okun*, 111 id. 536; *Tishman* v. *Acritelli*, Id. 237;
*Lindheim & Co.* v. *Central Nat. Realty & Construction Co.*, Id. 275.)
This, however, is not such a case.   A partnership to deal in real
estate may be created as for any other purpose and either partner
has the legal right to sell the firm real esate.   The Partnership Law
of 1919 (§ 51) provides that specific partnership property is held by

each of the partners as a " tenant in partnership " and (§ 52) that a partner's interest in the partnership " is his share of the profits and surplus and the same is personal property." (7 Uniform Laws Ann. pp. 31–33, 40, 41.) Even before the Partnership Law a partner could maintain partition only after the payment of firm debts. (*MacFarlane* v. *MacFarlane*, 82 Hun, 238; *Eisner* v. *Eisner*, 5 App. Div. 117; *Chester* v. *Dickerson*, 54 N. Y. 1, 10.)

Thus this action is not one for partition or for the declaration of a specific ownership in real property. It could not be because the alleged existence of the partnership negatives such a claim. The practical consequences of any other holding would be most serious. A partnership to deal in real estate can be created by parol and on such an allegation any man could sue another and tie up real estate to untold amounts by the filing of a *lis pendens*, with no possibility of relief if the right to cancel the *lis pendens* by bond were denied to the defendant. I believe that no *lis pendens* can be filed in an action for a partnership accounting because it is not an action to recover a judgment affecting title to, possession, use or enjoyment of real property. (Civ. Prac. Act, § 120.) It is an action to recover the partnership interest, which is defined in the Partnership Law as personal property.

Holding, therefore, as I do, that the filing of the *lis pendens* is unauthorized by the statute, I am of the opinion that defendant's offer to file an undertaking to secure plaintiff as a condition of canceling this *lis pendens* is most fair and liberal and the motion is granted upon the condition indicated.

Settle order on two days' notice, submitting with the order suggestion as to the amount which should be fixed in the undertaking. If the defendant so elects, he may have the order provide that the *lis pendens* is canceled only as to the two pieces of property with respect to which there is pressing necessity, upon his giving an undertaking in an appropriate amount with respect to these two parcels.