Herbert D. Hamm, J.
This is a motion to cancel a notice of pendency of action.
The plaintiff and defendant, wife and husband respectively, were partners in the conduct of a dance studio in the city of Albany. The plaintiff seeks an accounting. The premises 33 Elk Street, Albany, were formerly used by the partners as their studio. The title is in the sole name of the defendant. The plaintiff has filed a lis pendens against 33 Elk Street.
Section 52 of the Partnership Law states: “A partner’s interest in the partnership is his share of the profits and surplus and the same is personal property.”
In Rosen v. Rosen (126 Misc. 37) a notice of pendency of action was filed in a partnership accounting action. The defendant offered to file an undertaking. He was permitted to do so and, on his doing so, the lis pendens was cancelled. The court, however, went on to say (p. 39): “A partnership to deal in real estate can be created by parol and on such an allegation any man could sue another and tie up real estate to untold amounts by the filing of a lis pendens, with no possibility of relief if the right to cancel the Us pendens by bond were denied to the defendant. I believe that no Us pendens can be filed in an action for a partnership accounting because it is not an action to recover a judgment affecting title to, possession, use or enjoyment of real property. (Civ. Prac. Act, § 120.) It is an action to recover the partnership interest, which is defined in the Partnership Law as personal property.”’
In this case the plaintiff has pleaded not only a cause of action for accounting but an additional cause of action to impress, a trust. The complaint recites that the real property in question was purchased for the partnership with partnership funds and asks that it be adjudged that the defendant holds the title to the same for the benefit of the partnership. An action to have real property impressed with a trust is an action brought to recover a judgment affecting the title to, or the possession, use- or enjoyment of real property, within the meaning of section 120 of the Civil Practice Act (Keating v. Hammerstein, 196 App. Div. 18; Siegel v. Silverstone, 250 App. Div. 784). The claim that the action to impress a trust is merely incidental to the accounting is not in these circumstances correct; the plaintiff could bring an independent action to impress a trust without seeking an accounting.
*560 And if tlie lis pendens were cancelled and the defendant conveyed to a purchaser without knowledge, the conveyance would be free and clear of the plaintiff’s claims (Partnership Law, § 20, subd. 1; § 21, subd. 3). For all that appears from the papers the real estate may be the only substantial asset of the partnership and its conveyance free of the plaintiff’s unadjudicated rights could leave the plaintiff with a remedy useless because of eventuation in virtually no relief.
The motion is denied and an order may be submitted on three days’ notice.
The plaintiff has no objection to an undertaking or to the deposit of money. On the settlement of the order the defendant, if so advised, may apply for fixation of the amount of a deposit or bond. Omission to so apply will be without prejudice to application on proper procedural notice at any future date.