■ In the Matter of the Claim Made by LESTER H. GUILE, Appellant. ISADOR LUBIN, as Industrial Commissioner of the State of New York, Respondent.— Appeal by claimant from so much of a decision of the Unemployment Insurance Appeal Board as held the claimant ineligible for benefits for the period from September 6, 1954 through November 1, 1954. Upon consent of the respondent Industrial Commissioner, based upon a referee's finding approved by the board and supported by uncontradicted evidence, decision reversed, with costs to appellant, and matter remitted to the board for further proceedings. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ GAYNELL W. ROEDEL, Respondent, v. EMIL F. ROEDEL, Appellant.— Appeal from an order of Special Term, Supreme Court, Rensselaer County. The complaint pleads the existence of a partnership between plaintiff and defendant; and it alleges that defendant took record title in his own name of a parcel of real estate which was "purchased for and on behalf of said partnership and paid for from the funds of said partnership". It alleges that defendant "denies the existence of" the partnership. The complaint asks that it be adjudged that this real property is an asset of the partnership and that defendant holds title as a trustee for the benefit of the partnership. Judgment of accounting between the partners also is sought. The issue here is whether plaintiff may or may not file a *lis pendens* in pursuance of section 120 of the Civil Practice Act which authorizes such filing in "an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property". The court at Special Term held the *lis pendens* properly filed and we agree with that determination. Before plaintiff may have an accounting as to this real property and before it may be treated as an asset of the partnership, it must be established between the partnership as in this capacity represented by the plaintiff, and the defendant as record title holder of the real property, that the partnership has title or right to possession, use, or enjoyment of the property as a partnership asset. The accounting, as to this property, waits upon a determination favorable to the partnership against the individual; and thus the action falls literally within the scope of section 120 of the Civil Practice Act. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [2 Misc 2d 558.] [See *post*, p. 690.]