Edgar J. Nathan, Jr., J.
This is a motion by defendant George 0. Arcaro and by other corporate defendants to vacate and cancel notices of pendency of actions instituted by his wife.
The allegations of the amended and supplemental complaint which plaintiff relies upon to authorize the filing of the lis pendens pursuant to section 120 of the Civil Practice Act are found in the first and last causes of action. Plaintiff Ann G. Arcaro, wife of defendant, claims in her first cause of action that she and her husband formed a partnership for the purpose of engaging in the real estate business. The partnership caused several corporations to be formed and became owner of the stock in these corporations named defendants herein. She further alleges that certain partnership assets (i.e., real property) were acquired, held or transferred in the names of these corporations as well as of other individual defendants. Finally, she alleges a breach of the partnership agreement by her husband, his denial of the existence of the partnership, her rights therein, and his conversion and misuse of income and profits from the partnership. It is upon the basis of these allegations that she asks the court to impress a trust on all of the partnership assets and for an accounting.
Generally, a cause of action by one partner against the other to impress a trust on real property alleged to be a partnership asset is one which will authorize the filing of a lis pendens under section 120 of the Civil Practice Act (Roedel v. Roedel, 2 Misc 2d 558, affd. 3 A D 2d 623). In the instant case, however, the assets of the partnership do not consist of realty but of stock in corporations which it is claimed purchased realty as nominee for the partnership. Under these circumstances, plaintiff is *491 not entitled to file a lis pendens upon such property (Kuperman v. Kuperman, 144 N. Y. S. 2d 892). No facts are alleged in this cause of action to warrant a piercing of the corporate veil, or to impress a trust upon the ground of any misappropriation of partnership funds traceable to real property held by the corporate defendants (cf. Deitch v. Atlas, 132 N. Y. S. 2d 806; Walsh v. Henning, 160 N. Y. S. 2d 471). Since the real property in question is not a partnership asset, the first cause of action does not affect the title to, use or enjoyment of such property and consequently is insufficient to sustain the lis pendens filed therein against the real estate owned by the corporation.
The only other cause of action claimed as sufficient to authorize the filing of a notice of pendency is that contained in the last cause of action. Plaintiff therein alleges that her husband along with other individual defendants fraudulently obtained title to a piece of real property owned by plaintiff and asked that said property be held in trust for plaintiff. This cause of action against individual defendants is deemed sufficient to authorize the lis pendens filed therein.
Settle order accordingly.