Joseph M. Conroy, J.
Motion by plaintiff ‘ ‘ for an order, pursuant to rule 109 of the Rules of Civil Practice, striking out the defense contained in the said answer in paragraph numbered *214 £ 1 ’, wherein the defendants deny the paragraph of the complaint designated 1 seventh ’, ’ ’ and the first affirmative defense and the second affirmative defense and counterclaim. Cross motion by certain defendants, pursuant to rule 106, for an order dismissing the complaint, or, in the alternative, dismissing the second cause of action. The cross motion will be considered first.
The complaint contains two causes of action. The first is for the dissolution of a partnership and for an accounting. The second is for partition of certain real property owned by the partnership.
In the first cause of action, plaintiff alleges that she and some of the defendants were copartners: that pursuant to the terms of the copartnership agreement, upon the death of one of the partners, the partnership was to terminate at the end of the term originally fixed; that one of the partners died; that, therefore, the partnership has come to an end and plaintiff demands an accounting. As a matter of pleading, the first cause of action is sufficient.
In the second cause of action, plaintiff seeks partition of a parcel of real property owned by the partnership. According to the articles of copartnership, a copy of which is annexed to the complaint as Exhibit A, the partnership was formed for the purpose of purchasing and holding for investment certain real property in Suffolk County and upon the termination of the partnership, an account was to be had and the property of the partnership was to be divided among them after the payment of the copartnership liabilities. Under such circumstances, the property of the partnership was personalty (Partnership Law, § 52) and an action for partition will not lie (Altman v. Altman, 271 App. Div. 884). It follows that the second cause of action is insufficient and must be dismissed.
It may be noted here that there is no authority under rule 109 to strike a denial of allegations in the complaint, but only to strike affirmative defenses or counterclaims. Rule 109 is not to be confused with rule 103 or rule 113 although the parties in their memoranda have treated these motions as if they were made under rule 113. The first branch of plaintiff’s motion to strike paragraph ££ 1 ” of the answer insofar as it denies paragraph ££ seventh ” of the complaint is denied.
In the first defense, defendants allege that the partnership has not yet terminated; that its original term was for five years ending September 15, 1959 11 and thereafter from year to year until terminated ”; that paragraph ££ Tenth ” of the agreement provided that the partnership shall not be dissolved by the death of any partner, but that the decedent’s personal repre *215 seiif.alivo shall stand in the partner’s place Si during the remainder of the term originally fixed for the operation of the partnership that one of the partners died on May 17, 1959,.; that the plaintiff failed to terminate the partnership on May 17, 1959, or on September 15, 1959, and that the partnership is, therefore, in full force until September 15, 1960.
While it is permissible at times to plead as an affirmative defense matter which could be proved under a general denial, in this instance it serves no useful purpose since defendants’ denial of paragraph “ seventh ” of the complaint raises the issue as to the termination of the partnership.
Neither plaintiff nor defendants claim that the partnership ended on May 17, 1959. The language of the agreement is quite plain that the death of any partner would not affect the term originally fixed.
The question which the parties want decided is whether the partnership, which was to continue from year to year after the original term, did so continue after the death of one of the partners. This, however, cannot be decided on a motion under rule 109 directed solely to the sufficiency of the defense. As a matter of pleading, the first defense cannot be said to be insufficient though it is perhaps unnecessary in view of defendants ’ denial of paragraph ‘ ‘ seventh ’ ’ of the complaint. The motion to dismiss the first defense is denied.
In the second defense and counterclaim, defendants allege that plaintiff refused to execute an agreement extending a mortgage on the partnership real property; that the partnership is unable to pay off the mortgage which is now overdue and that the mortgagee has threatened foreclosure of the mortgage which, if carried out, will extinguish the equity of the partners in the property; that paragraph “ Eleventh ” of the agreement provides that no partner shall ‘ ‘ do any act detrimental to the best interest of the partnership ”. It is not alleged that plaintiff has done any act; merely that she has refused to act at all. The second defense and counterclaim is insufficient and must be stricken. Settle order.