■ LAWRENCE SCHINDO, Appellant, v. JOSEPH ANTINOZZI, Respondent.— In an action for partition, the plaintiff appeals from a final judgment of the Supreme Court, Westchester County, entered November 1, 1960, and brings up for review, pursuant to section 580 of the Civil Practice Act, the interlocutory judgment of the same court, entered May 5, 1960. The final judgment confirmed the report of the three commissioners appointed by the interlocutory judgment, and directed a physical division of the subject premises between the parties and an equalization payment by defendant to the plaintiff. Plaintiff contends: (1) that the direction for a physical partition of the premises instead of their sale was erroneous; (2) that the equalization payment was inadequate; and (3) that the fees awarded the commissioners were grossly excessive. Judgments affirmed, with costs. The record does not disclose any objection by plaintiff to the fees of the commissioners, as set forth in their report, on the motion for confirmation. Nolan, P. J., Ughetta, Kleinfeld and Pette, JJ., concur.

■ FLORENCE SCHWARTZ et al., Appellants, v. MAC M. SCHREIBER, Respondent.— In a negligence action to recover damages for injuries to person and property, plaintiffs appeal: (1) from an order of the Supreme Court, Queens County, dated May 10, 1960, denying a trial preference, pursuant to rule 9 of the Queens County Supreme Court Rules; and (2) from so much of an order of said court, dated July 27, 1960, made upon reargument, as adheres to the original decision. Order, on reargument, insofar as it adheres to the original decision and denies the motion for a preference, reversed, without costs, and motion granted. Upon this record, it is our opinion that the plaintiffs are entitled to the preference (Long v. Savino, 11 A D 2d 1051). Appeal from the original order dismissed as academic. This order was superseded by the later order granting reargument and adhering to the original decision. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.