Louis L. Friedman, J.
In this action for a partition of real property owned by a partnership, defendants Ciccolella, Di Dio and Adler move for an order pursuant to section 1451 of the Civil Practice Act staying the plaintiffs from proceeding with or taking any action relative to the suit until the determination by arbitration of the disputes and controversies giving rise to the action.
*703 The facts are undisputed that the plaintiffs and defendants, except Park Ave. Structures, Inc., entered into a partnership on the 12th day of August, 1960; that the purpose of said partnership was to purchase a large tract of land and conduct and carry on the business of builders; that they planned to sell the various improved parcels and upon the sale of all its real property, to terminate the partnership. The real property and subject matter of this partition action is the same property which is presently subject to an action for specific performance by the defendant Park Ave. Structures, Inc., resulting from the alleged failure of the partnership or its members to comply with the terms of a contract to sell.
Though it is a well-settled rule at common law, and by statute, that partition among tenants in common of real property is a matter of right where they do not desire to hold and use the property in common (Chew v. Sheldon, 214 N. Y. 344; Albin v. Albin, 26 Misc 2d 383; Socoloff v. Socoloff, 14 Misc 2d 604), such right is not absolute where it relates to the real property owned by a partnership. Under such circumstances, partnership property may not be the subject of partition, unless it appears that the partnership affairs have been adjusted both as between the partners and as to creditors, so that the property is no longer involved. In the absence of any accounting between the copartners or adjustment of the copartnership accounts, the real estate cannot be separated from the rest of the copartnership property and made the subject of a separate action in partition so as to divide the same or the proceeds thereof between the parties (MacFarlane v. MacFarlane, 82 Hun 238; Eisner v. Eisner, 5 App. Div. 117).
This rule has been extended even beyond this concept, the courts holding that where a partnership is formed for the purpose of dealing in real estate, as in the instant situation, such real estate is deemed merchandise in which the copartnership trades, and accordingly, the parties have impliedly indicated an intention to convert the realty into personalty and the property is considered as such (Buckley v. Doig, 188 N. Y. 238; Weisinger v. Rae, 19 Misc 2d 341; Broida v. Bunnell Associates, 26 Misc 2d 213). Under such circumstances, an action in partition will not lie (Altman v. Altman, 271 App. Div. 884).
Paragraphs YTT and XIII of the agreement provide as follows:
“No partner shall, without the written consent of the other partners * * * sell his share in the partnership * * * or do any act detrimental to the best interests of the partnership or which would make it impossible to carry on the ordinary business of the partnership. * * * *704 “ If, for any reason any member of the partnership shall * * * have any dispute or controversy as to any act taken on behalf of the partnership or a conflict as to any provisions of this agreement, same shall be settled by arbitration ’
The issue thus presented is whether the institution of the partition action, even though improper, violates the provisions of the partnership agreement and falls within the ambit of the arbitration clause. As recently stated by the Court of Appeals in Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329, 334): “ It has long been this State’s policy that, where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration.”
What plaintiffs are apparently attempting to do is to circumvent the restrictions set forth in paragraph XII of the agreement by selling their interests in the real property at public auction without the written consent of the other partners. Since they cannot sell their interests at private sale, they may not do so through the medium of a partition and a public auction sale. The action so instituted is clearly an “ act detrimental to the best interests of the partnership and would make it impossible to carry on the ordinary business of the partnership,” which was to sell the improved tracts of real estate, the crux of the business enterprise.
The apparent disputes existing between the plaintiffs and defendants relating to dissolution, accounting, management, or sale of the property, clearly fall within the arbitration clause. To allow the plaintiffs to proceed to sale at public auction would constitute a complete subversion of the purposes and interests of the parties to the agreement. Accordingly, the motion is granted.