George L. Cobb, J.
In this action in partition, defendants Preiser, Michaels and Walowitt move to confirm the report of the Referee appointed to hear and report.
The said report concludes that the said defendants are entitled to a judgment against the plaintiffs in the sum of $394.58 and that a judgment should be entered herein appointing three commissioners to make an actual partition of1 the real property which is the subject of this action. The plaintiffs do not oppose that portion of the Referee’s report dealing with a money judgment, but vigorously oppose the proposal that the real property be actually partitioned. Instead, the plaintiffs seek a judicial sale and a division of the proceeds among the parties proportionate to their respective-interests in the subject premises.
.The applicable statute (Real Property Actions and Proceedings Law, § 915) ¡says that, in an action for partition: “ Where the property or any part thereof is so circumstanced that a partition thereof cannot be made without great prejudice to the owners, the interlocutory judgment, except as otherwise expressly prescribed in this article, shall direct that the property or the part so circumstanced be sold at public auction. Otherwise, an interlocutory judgment in favor of the plaintiff shall direct that partition be made between the parties according to their respective rights, shares and interests ”.
The relief normally obtainable in a partition action is gctual partition of the land, and the court may award the alternative relief of a sale only when actual partition will result in “ great prejudice to the owners” (Harlem Sav. Bank v. Larkin, 156 App. Div. 666, 667-668).
In Moore v. Hatfield (71 Misc. 282, 286), the court explained the proper method of approaching the question of which relief should be granted in a partition action by the use of the following language: 1‘ The question is not whether a sale might be more agreeable or even in some respects more advantageous to some of the parties. The statute makes a sale the secondary consideration. The question first to be considered and adjudicated is, Can there be an actual partition? There is but one instance in which the court has a right to direct a sale, and that is where partition cannot be made without great prejudice to the owners ”.
In Clason v. Clason (6 Paige Ch. 541, 547, affd. 18 Wend. 369) the court said that ‘ ‘ the true question to be decided * * * under the statute, is whether the whole property, taken together, will be greatly injured or diminished in value if separated into three parts, in the hands of three different persons, according *641 to their several rights or interests in the whole: in other words, whether the aggregate value of the several parts when held by different individuals in severalty would be materially less than the whole value of the property if owned by one person ”, and in Smith v. Smith (10 Paige Ch. 470), the court said that a small advantage in favor of a sale will not support an award of that relief.
In this action, the subject premises consist of two noncontiguous but neighboring parcels of unimproved real property in the County of Sullivan. In the past, such have been primarily devoted to hunting, camping and recreational uses. The plaintiffs collectively own an undivided five sixths of the fee of each parcel and the said three defendants collectively own the remaining one sixth. The only testimony in the record on the point establishes that the aggregate value of the several parcels of land after actual partition will exceed the aggregate value of the two parcels before actual partition.
Plaintiffs argue that the character of the land is such that it cannot be actually partitioned in an equitable manner, that actual partition will create parcels which will be too small for hunting, and that actual partition should not be made because the relationship of the parties has so deteriorated that one of the above defendants has threatened to shoot one of the plaintiffs if there is a suitable opportunity so to do.
The court concludes that the plaintiffs’ first argument rests solely upon the verity that all land is unique. Clearly the Legislature was aware that land is not a fungible commodity when it decreed that actual partition was to be ordered in the absence of “ great prejudice ”. A finding of “ great prejudice ” must rest upon some circumstance other than the uniqueness of the land to be divided. This principle is recognized in Clason v. Clason (6 Paige Ch. 541, 546, affd. 18 Wend. 369, supra), wherein the court said: “ A farm containing 370 acres of land must be very peculiarly situated to render it impracticable to divide it into three parts without great prejudice to the owners; especially where the court may decree a pecuniary compensation to be made by one party to the others for owelty of partition”. Under our present statutes any apparent inequality which would occur if the land area were to be actually partitioned by rigid arithmetic may be corrected by varying the quantity of land in each parcel to reflect the respective quality of each (Real Property Actions and Proceedings Law, § 921) and by including in the judgment the kind of monetary adjustment contem *642 plated by section 943 of the Beal Property Actions and Proceedings Law. This argument must fail.
The plaintiffs also say that actual partition of the subject lands will create parcels which will be too small for hunting. The parties have stipulated that the subject premises are presently used for hunting, camping, and recreational purposes, and the Beferee, upon ample evidence in the record, has found that the highest potential use of the subject premises .is the same. Not only is plaintiffs’ argument directed solely to the hunting use, but such is further restricted to one particular method of hunting. Even as so limited, the court does not find that this argument is sufficiently supported by the record. The argument is not persuasive.
The plaintiffs say that actual partition should not be ordered because one of the defendants threatened to shoot one cf the plaintiffs. It appears that, prior to the institution of this action, the plaintiff Partrick and the said defendants, as well as one stranger to the action, attended a dinner in a New York City restaurant to distiuss a resolution of the disputes between the parties. At a late hour, when it appeared that the disputes could not be settled by agreement, the .stranger, acting under instructions from the plaintiff Partrick, instituted this action by serving a copy of the summons and complaint herein upon the defendants while they were still at the dinner table. It was then that the defendant Michaels is alleged to have threatened to shoot the plaintiff Partrick by saying to him “ Never get across my sights ”.
If it be assumed that the defendant Michaels continues to harbor homicidal intentions as to the plaintiff Partrick, and the court is by no means convinced that such conclusion is warranted by the present record, the court does not believe that when the Legislature used the phrase “ great prejudice ” it intended to include the possibility of future felonious assaults by one tenant in common against another. Disputes between tenants in common commonly precede the institution of actions in partition and such circumstance, even if accompanied by a threat of future criminal conduct, should not determine the kind of civil relief which the court would otherwise award.
The plaintiffs also suggest that, irrespective of the provisions of the applicable statute, this court, in the general exercise of equitable powers, should direct a sale. Neither a court of law nor a court of equity has the power to repeal a statute even though it beliéves that the application of the statute to the case at bar would cause great injustice (Hunt v. Hunt, 171 N. Y. 396, *643 402). Furthermore, in a partition action, any exercise of the court’s general equitable powers must not conflict with applicable statutory provisions (Grody v. Silverman, 222 App. Div. 526, 529). The Legislature has determined what test this court should apply in this case .so that equity and justice may be done and the court may not substitute its own notions of how to achieve that result.
The motion to confirm the report will be granted. The court will fix the fee of the Referee herein in the sum of $600, plus his reasonable disbursements, chargeable to the plaintiffs and the said defendants herein in the respective proportions of five sixths and one sixth.