■ HARVEY ROSEN, Respondent, v PHILIP A. ROSEN et al., Appellants, et al., Defendants. — Appeal from that part of an order of the Supreme Court at Special Term, entered July 3, 1979 in Cortland County, which granted plaintiff's motion for partial summary judgment of partition, severed the partition action, struck and dismissed an affirmative defense of Statute of Limitations, directed an accounting of rents, and denied defendant Maurice Rosen's cross motion for summary judgment. Plaintiff and his brother, the defendant Philip A. Rosen, were partners in Rosen Bros., a scrap business located in Cortland, New York. They were also the sole shareholders and officers of defendant, Mr. Steel, Inc., a related business. In October, 1975, the brothers entered into an arrangement whereby they devoted most of their time and energy to the management and operation of their business. This lasted until the summer of 1977 when disagreements developed between the brothers. During this same period, the defendant Maurice Rosen, the son of Philip, and his cousin, the defendant Michael Polka, opened a competing business across the street from Rosen Bros. called Polsen Enterprises. Plaintiff alleges that Polsen Enterprises used Rosen Bros. equipment and facilities and wasted its assets. Plaintiff also claims that Polsen deliberately took customers away from Rosen Bros. As a result of these events, plaintiff elected, pursuant to the partnership agreement, to sell his partnership interest to Philip. The parties agreed upon the terms of the sale, but failed to consummate a sale. Plaintiff now seeks, *inter alia,* partition of the

real property jointly held by Philip and himself; an accounting of rents collected from those properties; and judicial dissolution of both the Rosen Bros. partnership and Mr. Steel, Inc. The defendants counterclaimed, *inter alia,* for declaratory judgment, specific performance and breach of contract. The defendants received an extension of time to answer by court order and served their answer on October 17, 1978. Plaintiff then moved for summary judgment, returnable November 2, which motion was adjourned until November 16. On or about November 15, the defendants filed an amended answer, and, in addition, cross-moved for summary judgment. The plaintiff served his reply to the amended answer on December 17, 1978. Special Term rendered a decision on January 22, 1979 and issued the order that is the subject of this appeal. Special Term, in the exercise of its discretion, properly considered this motion since neither party raised the issue of timeliness. All the parties were aware of the pending actions and had adequate time to present supporting affidavits and evidence. More importantly, Special Term did not render a decision on the motion until after issue had been joined. Thus, the court had sufficient time to consider the amended answer and the reply before deciding the motion *(Standard Factors Corp. v Kreisler,* 53 NYS2d 871, affd 269 App Div 830). Furthermore, Special Term correctly granted summary judgment for partition. Plaintiff, by his pleadings, supporting affidavits and evidence, has met the statutory requirements necessary to compel partition of the properties (see RPAPL 901). He has submitted deeds which support his allegations that the properties in question are jointly held by Philip and himself. One deed shows that they are joint tenants in the property located at 129 Port Watson Street. The other two deeds show that the brothers are tenants in common in properties located at 89 Central Avenue (Cobb Building), and 209 Homer Avenue. Philip admitted the existence of these deeds but denied that the properties were jointly held as indicated by the deeds. Defendant's moving papers presented insufficient evidence from which to conclude that any genuine issue of fact exists as to plaintiff's right to compel partition. It is well settled that partition among tenants in common of real property is a matter of right where the tenants no longer desire to hold the property in common *(Maida v Ciccolella,* 32 Misc 2d 702, 703). Although defendant avers that the properties are partnership assets, and asserts that Rosen Bros. made the mortgage payments, paid the taxes and other expenses related to the upkeep of the property, no receipts or canceled checks or ledgers are offered to support this allegation. It was, therefore, proper for Special Term to have granted partial summary judgment for partition. Likewise, Special Term had the power to order an accounting, as such is a necessary incident of a partition action. Special Term was also correct in declaring plaintiff an equal owner in the jointly held properties because defendant presented no evidentiary facts which questioned the extent of plaintiff's interest in the jointly held property. Furthermore, Special Term did not abuse its discretion by *sua sponte* severing the partition action. CPLR 3212 (subd [e], par 1) specifically gives the court such authority and the record supports Special Term's finding that there were no common issues of fact or law between the partition action and the other business-related claims. Special Term also correctly dismissed the Statute of Limitations defense because the statute does not begin to run until the joint tenancy and tenancy in common have terminated. Finally, Special Term correctly denied defendant Maurice Rosen's cross motion for summary judgment because a triable issue of fact exists as to the relationship of the defendants to Polsen Metal Recovery, Inc., a competing business. One who knowingly engages with a fiduciary in a breach of trust, is liable to the *cestui que trust* for damages that result *(Wechsler v Bowman,* 285 NY 284, 291). There is no question that Philip Rosen, as a copartner with the plaintiff, is in a fiduciary capacity with plaintiff. Since Philip

filed a certificate of conducting business under an assumed name, certifying that he, his wife, son and nephew intended to transact business as Polsen Enterprises, which became a competing scrap business with Rosen Bros., the extent of defendant Maurice Rosen's liability to the plaintiff will depend on the relationship of his father, Philip Rosen, to Polsen Enterprises. A triable issue of fact is thus presented, which precludes summary judgment in favor of defendant Maurice Rosen. Order affirmed, with costs. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.