■ ·MARGARET COSTA, Respondent, v CONSTANTINO PATALINO, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Weiss, J.), entered January 5, 1981 in Albany County, which granted plaintiff's motion to confirm, with certain modifications, a referee's report distributing the proceeds of a partition sale. This is an action pursuant to RPAPL article 9 for partition of certain lots of real property located in Albany County. Following a stipulation entered into by the parties, who were joint tenants of the property, an interlocutory judgment (RPAPL 915) was entered August 14, 1979 directing that the property be sold at a partition sale. This sale was conducted by a referee on October 5, 1979, at which time plaintiff's bid was accepted. The report of sale filed by the referee was confirmed by a final judgment (RPAPL 931) of Special Term entered November 21, 1979. This final judgment directed that hearings be held by the referee on the various credits which each party claimed to be entitled to prior to the referee's filing of his report distributing the proceeds from the partition sale. Finally, on October 29, 1980, the referee's report of the disposition of the proceeds was filed. Plaintiff then moved to confirm the report with certain modifications. By judgment entered January 5, 1981, Special Term granted plaintiff's motion and this appeal by defendant ensued. Initially, we reject the attempt by defendant's counsel on this appeal to raise issues regarding the propriety of the partition sale. That sale was the subject of a final judgment rendered by Special Term, pursuant to RPAPL 931, from which no appeal was taken. As such, the judgment entered November 21, 1979 confirming the sale of the subject properties to plaintiff was "binding and conclusive" upon defendant (RPAPL 933). Since only the judgment entered January 5, 1981 has been appealed by defendant, our review is limited to those issues relating to the disposition of the proceeds resulting from the partition sale. Defendant contends that he was prejudiced by the referee's bias against him and points to a number of decisions made by the referee regarding credits from the proceeds that each party was entitled to in support of his contention. However, as conceded by defendant in his brief, no objections to the referee's report of the disposition of the proceeds were filed by his trial counsel. Thus, since the matters relating to the referee's bias were not raised at Special Term, they will not now be considered by this court. The only portions of the referee's report which were modified by Special Term were raised by plaintiff on the motion to confirm said report. There was no opposition to plaintiff's motion and defendant's brief on this appeal does not challenge the propriety of the modifications made by Special Term. There being no issues left for our resolution, the judgment of Special Term modifying the referee's report must be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.