■ ERNEST OLSON et al., Appellants, v MILTON BERLIN et al., Respondents.—In an action pursuant to RPAPL article 15 to declare a certain deed claim void, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated August 31, 1987, which, upon granting the defendants' motion to dismiss the complaint, is in favor of the defendants and against them.

Ordered that the judgment is modified, by deleting the provision thereof which dismissed the complaint pursuant to CPLR 3012 (b), and substituting therefor a provision dismissing the complaint pursuant to CPLR 3211 (a) (7); as so modified, the judgment is affirmed, with costs to the defendants.

The plaintiffs seek to challenge the validity of a 1972 Sheriff's deed by which the defendant Berlin, for a purchase price of $1,375, acquired the plaintiff Ernest Olson's interest in premises he held as a tenant by the entirety. The plaintiffs interpose no challenge to the money judgment upon which the sale of the plaintiff Ernest Olson's interest is premised (cf., Roosevelt Hardware v Green, 72 AD2d 261). Nor do they raise any issue with respect to the validity of the sale or the distribution of its proceeds (cf., CPLR 2003, 5206, 5236; see, Roosevelt Hardware v Green, supra). It appears they simply do not wish to suffer the consequences of an execution sale which they declined to timely protest (cf., CPLR 5240; see, Guardian Loan Co. v Early, 47 NY2d 515). Their complaint presents no justiciable controversy (see, CPLR 3001; cf., RPAPL 1521). Thus the Supreme Court properly dismissed it. However, we have modified the judgment to include that the dismissal was based upon CPLR 3211 (a) (7) rather than CPLR 3012 (b). Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.