■ SAVINO NOTAR-FRANCESCO et al., Respondents, v JOSEPH FURCI et al., Appellants, et al., Defendant.—In an action, *inter alia*, pursuant to RPAPL 901 for the partition of real property located at 512-514 Grand Street, Brooklyn, New York, the defendants Joseph and Diane Furci appeal from (1) an interlocutory judgment of the Supreme Court, Kings County (DiMatteo, J.H.O.), entered February 24, 1988, which granted the

application, and (2) a final judgment of the same court entered February 24, 1988.

Ordered that the appeal from the interlocutory judgment is dismissed, without costs or disbursements; and it is further,

Ordered that the final judgment is affirmed, without costs or disbursements.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the final judgment.

The plaintiff Savino Notar-Francesco and the defendant Joseph Furci are medical doctors. In 1964 they entered into an oral partnership agreement to practice medicine. Thereafter, in 1968, a written partnership agreement was executed between them. In 1971 they formed a professional corporation. They continued to practice in this manner until the dissolution of the corporation in 1982.

The doctors practiced medicine out of an office located at 512-514 Grand Street. These premises were owned by the doctors and their respective spouses as tenants in common. Upon the dissolution of the corporation, the Notar-Francescos sought partition of the subject premises. The Furcis resisted partition, claiming that a provision in the partnership agreement bars such relief.

The Judicial Hearing Officer held that the partnership agreement should not govern. It further found that two separate offices exist at this location, and the doctors may maintain their separate practices out of the respective offices. The Hearing Officer ordered the partition of the property, with the Notar-Francescos owning the premises known as 514 Grand Street, and the Furcis owning the premises known as 512 Grand Street. It further held that $12,500 would be paid to the Notar-Francescos, in order to balance the equities in the property.

Once the doctors formed a professional corporation, the partnership was no longer in existence, and the partnership agreement was a nullity *(see, Weisman v Awnair Corp.,* 3 NY2d 444). A partnership and a corporation are mutually exclusive, each governed by a separate body of law *(Bevilacque v Ford Motor Co.,* 125 AD2d 516). Once they adopted the corporate form, they ceased to be partners, and had only the

rights, duties and obligations of stockholders *(see also, Abelow v Grossman,* 91 AD2d 553).

There being no other apparent defenses to the action for partition, it next must be determined whether pursuant to RPAPL 901, the action for partition may be maintained without prejudice to the owners. Partition among tenants in common of real property is a matter of right where tenants no longer desire to hold property in common (RPAPL 901; *Rosen v Rosen,* 78 AD2d 911). Before an award of partition will be granted, the individual equities must be balanced *(Ripp v Ripp,* 38 AD2d 65, *affd* 32 NY2d 755).

After reviewing the record in the instant case, it appears that the actual partition was fair. The two doctors have been operating a successful medical practice out of the subject premises for almost 20 years. There has been a de facto partition in effect since the dissolution of the corporation. Apparently, separate practices can be successfully maintained out of the subject premises, and the Furcis failed to demonstrate how the partition would cause any prejudice to inure to them. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.