■ MILTON BERLIN, Appellant, v MATTHIAS O. SCHLOTTHAUER et al., Respondents, et al., Defendants.—In an action for the partition of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated February 20, 1990, which denied his motion for partial summary judgment against the defendant Matthias Otto Schlotthauer and against the defendant Williamsburg Savings Bank.

Ordered that the order is reversed, on the law, with costs payable by Matthias Otto Schlotthauer, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the rights, shares and interests of the several parties and for entry of an appropriate interlocutory judgment.

In January 1976 when the defendants Barbara Schlotthauer and Matthias Otto Schlotthauer were involved in an action for divorce, the defendant Barbara Schlotthauer, who has defaulted in appearing in this action, signed a confession of judgment in the amount of $2,500 in favor of her then attorneys, the defendants Saunders and Solomon. Mrs. Schlotthauer thereafter retained new counsel and she and the defendant Matthias Otto Schlotthauer were divorced in 1976. By virtue of the judgment of divorce, the defendant Matthias Otto Schlotthauer was awarded, for a period of two years, exclusive occupancy of the former marital residence, then held by the Schlotthauer defendants as tenants in common *(see, Kahn v Kahn,* 43 NY2d 203, 207).

In March 1980 the defendants Saunders and Solomon executed on the $2,500 judgment by confession and at the ensuing Sheriff's sale, the plaintiff purchased the defendant Barbara Schlotthauer's one-half interest in the former marital residence for $3,700. Although present at the sale, the defendant Matthias Otto Schlotthauer issued no protest and made no bid of his own. Shortly thereafter, the plaintiff commenced the instant partition action. The mortgagee defendant Williamsburg Savings Bank has interposed an answer asserting its status as priority lienor. Although the defendant Matthias Otto Schlotthauer originally defaulted, he was permitted to serve and file a late answer *(see, Berlin v Schlotthauer,* 117 AD2d 768). We now conclude there are no triable issues of fact which would warrant denial of the plaintiff's motion for partial summary judgment.

Since 1978, the defendant Matthias Otto Schlotthauer has not enjoyed a right of exclusive occupancy of the premises he now owns in common with the plaintiff. A partition action by his co-owner is thus maintainable *(see,* RPAPL 901; *see also, Notar-Francesco v Furci,* 149 AD2d 490; *Rosen v Rosen,* 78 AD2d 911). Although he purports to challenge the plaintiff's title, and assuming he has standing to challenge the validity of the judgment underlying the sale on which that title is premised *(see, Lane v Lane,* 175 AD2d 103; *but see, Jakobleff v Jakobleff,* 108 AD2d 725; *cf., Citibank v Keller,* 133 AD2d 63, 64), the defendant Matthias Otto Schlotthauer comes forward with no ground, such as fraud, misrepresentation or other misconduct on the part of the parties responsible for entry of that judgment *(see,* CPLR 5015 [a]), and he specifies no oppressive conduct on the part of the plaintiff warranting judicial prevention of partition or sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515; *see also, Roosevelt Hardware v Green,* 72

AD2d 261). Indeed, the gravamen of this defendant's defense to the complaint is that the plaintiff acquired title without adequate consideration. Inadequacy of price is insufficient, however, to defeat the rights of the plaintiff which were acquired at a Sheriff's sale *(see, Guardian Loan Co. v Early, supra; see also, Olson v Berlin,* 142 AD2d 669) to which Matthias Otto Schlotthauer interposed no timely challenge *(cf.,* CPLR 2003; *see,* CPLR 5240; *see also, Guardian Loan Co. v Early, supra).* Under the circumstances, and inasmuch as the status of the defendant Williamsburg Savings Bank as first mortgagee is not contested *(see,* RPAPL 911), the Supreme Court should have granted the motion. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.