■ CLARA M. SCHWARTZ et al., Appellants, v MILTON MEISNER, Individually and as Executor of HYMAN MEISNER and Another, Deceased, et al., Respondents, et al., Defendant. [603 NYS2d 626] —Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 14, 1992 in Columbia County, which, in an action pursuant to RPAPL article 9, inter alia, directed the partition of certain real property owned by the parties as tenants in common.

Plaintiffs commenced this action pursuant to RPAPL article 9 for the partition of a 160-acre parcel (hereinafter the property) located in the Town of Greenport, Columbia County. The Referee appointed to ascertain whether the property had to be sold reported that an actual division could not be made without great prejudice to the parties because of their varying fractional interests, the property's dissimilar characteristics and the location of buildings thereon. Supreme Court found that there was no evidence that such partition would cause great prejudice, ordered that the property be partitioned and appointed three Commissioners pursuant to RPAPL 915 to make such partition. Eventually, Supreme Court found that the property had been partitioned into parcels of essentially equal value, confirmed the Commissioners' findings and ordered the actual partition of the property in accordance with such findings. Plaintiffs appeal.

We affirm. Initially, contrary to defendant David Meisner's contention, this appeal from the final judgment brings the interlocutory judgment up for review (see, Matter of Aho, 39 NY2d 241, 248; Notar-Francesco v Furci, 149 AD2d 490, 491; 24 NY Jur 2d, Cotenancy and Partition, § 252, at 489). Next, although the determination of a Referee appointed to report is entitled to great weight, particularly where conflicting testimony and matters of credibility are resolved (see, Bellnier v Bellnier, 158 AD2d 947, 948; Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705, 705-706; Kardanis v Velis, 90 AD2d 727), the Referee's conclusion that the property could not be physically partitioned without great prejudice (see, RPAPL 915; Wolfe v Wolfe, 187 AD2d 628, 629) is not supported by the record and was properly modified by Supreme Court. Plaintiffs did not produce any evidence showing that

the value of the property would be diminished by the partition *(see, Partrick v Preiser,* 73 Misc 2d 639, 640-641; *cf., Bellnier v Bellnier, supra,* at 948-949). To the contrary, they conceded that the property could be physically divided and made recommendations as to the manner in which the division should be accomplished.

Plaintiffs have waived their claim that the Commissioners were not disinterested freeholders by failing to raise the issue before Supreme Court *(see, Costa v Patalino,* 88 AD2d 690; *Schindo v Antinozzi,* 13 AD2d 811) and have not set forth any factual basis for the claim in any event. Similarly meritless is plaintiffs' contention that the Commissioners' report is flawed because it overvalued the pasture land and failed to consider topographical differences and the Town of Greenport's subdivision regulations. The Commissioners divided the property into eight parcels, valued them according to their land type and improvements, and assigned various parcels into four groups to accommodate all owners. Plaintiffs have not demonstrated that the parcels were incorrectly valued or that the partition violates the Town's subdivision regulations. As such, Supreme Court properly confirmed the Commissioners' report.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.