Damiani v Damiani (2019 NY Slip Op 04071)





Damiani v Damiani


2019 NY Slip Op 04071


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

527603

[*1]ANTHONY DAMIANI, Appellant,
v
LOUIS DAMIANI, Respondent.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Anthony Damiani, Hector, appellant pro se.
Coughlin & Gerhart, LLP, Ithaca (Dirk A. Gailbraith of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Morris, J.), entered June 5, 2018 in Schuyler County, which, in an action pursuant to RPAPL article 9, directed the partition of certain real property owned by the parties as tenants in common.
Plaintiff and defendant, his brother, are neighbors in the Town of Hector, Schuyler County and co-own six contiguous parcels to the south and/or west of their homes upon which lie a vineyard and woodland. After their relationship soured, plaintiff commenced this RPAPL article 9 action for the actual partition of the six parcels. Defendant answered and counterclaimed for, as is relevant here, actual partition of the parcels in a different manner. Pursuant to RPAPL 915 "that partition be made between the parties according to their respective rights, shares and interests" and that "three reputable and disinterested freeholders [be designated] as commissioners to make the partition," Supreme Court directed each party to name a commissioner and those two commissioners to choose the third. Supreme Court issued a second order appointing, over plaintiff's objection, the commissioners selected by that process.
The commissioners eventually issued a revised report in which they unanimously recommended that, subject to conditions intended to protect the viewshed at plaintiff's home and ensure him access to the parcels, the three northerly parcels be allotted to defendant and the three southerly parcels be allotted to plaintiff. Supreme Court confirmed the revised report and ordered the actual partition as recommended. Plaintiff appeals, and we affirm.[FN1]
There was no statutory basis upon which to remove any of the commissioners, and plaintiff's assertion that the recommendations in the revised report were affected by bias is unavailing (see Judiciary Law § 13-a; Allison v Allison, 60 AD3d 711, 711 [2009], lv dismissed [*2]12 NY3d 905 [2009]; Schwartz v Meisner, 198 AD2d 634, 634-635 [1993]). Plaintiff's further claims that Justice Morris was biased and should have recused himself as a matter of discretion were not preserved by a timely request for recusal and, in any case, are also factually unsupported (see Matter of Rath v Melens, 15 AD3d 837, 837 [2005]; Matter of Aaron v Kavanagh, 304 AD2d 890, 891 [2003], lv denied 1 NY3d 502 [2003])[FN2]. The question, as a result, becomes whether the commissioners properly balanced "the individual equities" in allotting the jointly owned property between the parties (Notar-Francesco v Furci, 149 AD2d 490, 492 [1989]; see Hunt v Hunt, 13 AD3d 1041, 1042 [2004]; Ripp v Ripp, 38 AD2d 65, 68 [1971], affd on op below 32 NY2d 755 [1973]).
In that regard, the commissioners met with the parties to hear their concerns and their proposals for an actual partition. The commissioners embraced defendant's proposal of dividing the property into northern and southern sections over plaintiff's desire for a "checkerboard" of ownership, explaining that a north-south division would, among other things, give each party property contiguous to land that he already owned, create a clear property boundary that could be fenced and reduce the chance of future interactions and conflict between the parties. An appraisal report submitted to the commissioners showed that the north-south partition would divide the value of the property equally, and plaintiff produced no compelling proof to the contrary. Likewise, plaintiff provided little reason to question the equity of balancing his concerns about the view from his home against defendant's right to use his portion of the partitioned property by imposing a building height limit on defendant. Plaintiff further complains that the commissioners' direction that the parties create a tractor road in the wooded western area of the partitioned property, spanning defendant's portion and connecting plaintiff's portion to a nearby road, would be too costly and pose engineering challenges. He overlooks, however, that he can secure the same access over his adjacent land and can forgo the road construction in favor of creating an access path nearer his homestead (cf. Lombardi v Lombardi, 63 AD2d 1111, 1112 [1978]). Notwithstanding these and other protestations by plaintiff, we cannot say that the partition plan set forth in the revised report, which took the parties' concerns into account and ably attempted to minimize future conflicts between these warring neighbors and siblings, was unfair or inequitable. Thus, the revised report was properly confirmed by Supreme Court (see Hunt v Hunt, 13 AD3d at 1042; Schwartz v Meisner, 198 AD2d at 635).
Plaintiff's remaining contentions are either unpreserved or lack merit.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court (Rich Jr., J.) stayed the judgment pending appeal to the extent of ordering the parties to refrain from constructing any buildings on the disputed parcels.

Footnote 2: Justice Morris did recuse himself following the issuance of the appealed-from judgment when, for the first time, plaintiff asserted that the Justice's relatively new law clerk had performed legal work for defendant in private practice and was related by marriage to defendant's business partner. To the extent that the question is properly before us, we agree with Justice Morris that those assertions did not suggest the existence of a conflict that would threaten the judgment itself (see e.g. Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1159-1160 [2012], lv dismissed 19 NY3d 874 [2012]; Advisory Comm on Jud Ethics Op 96-125 [1996]; Advisory Comm on Jud Ethics Op 95-67 [1995]).